IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-55-D
No. 5:10-CV-266-D

| | | |
|---|---|---|
| ERSKINE ALFONZO SPRUILL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On June 8, 2009, Erskine Alfonzo Spruill ("Spruill" or "petitioner"), pursuant to a written plea agreement, pleaded guilty to production and use of a counterfeit access device in violation of 18 U.S.C. § 1029(a)(1), possession of device-making equipment in violation of 18 U.S.C. § 1029(a)(4), and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) [D.E. 14, 15]. On September 10, 2009, the court sentenced Spruill to two concurrent terms of imprisonment of 46 months for the violations of section 1029(a), and to a term of imprisonment of 24 months for the violation of section 1028A, to be served consecutively to the other terms [D.E. 17, 18]. Thus, the court imposed a total term of imprisonment of 70 months. Spruill did not appeal his conviction or sentence. On June 28, 2010, Spruill timely filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [D.E. 21] and a supporting memorandum [D.E. 22]. See 28 U.S.C. § 2255(f)(1). On February 25, 2011, the United States ("government" or "respondent") filed a motion to dismiss or, in the alternative, for summary judgment as to the section 2255 motion [D.E. 41] and a supporting memorandum [D.E. 42]. On April 4, 2011, Spruill responded in opposition to the government's motion [D.E. 47, 48]. On April 18, 2011, Spruill submitted additional materials in support of the section 2255 motion and in opposition to the government's motion [D.E. 50–53]. As explained below, the court grants the government's motion for summary judgment and dismisses Spruill's section 2255 motion.

I.

Spruill raises four arguments in support of his section 2255 motion. First, Spruill contends that he received ineffective assistance of counsel in violation of the Sixth Amendment when counsel negotiated a plea agreement that required Spruill to plead guilty to an offense of which Spruill is innocent. Mot. Vacate 4; see Pet.'s Mem. Supp. Mot. Vacate [D.E. 22] 6–8. Second, Spruill argues that he received ineffective assistance of counsel in violation of the Sixth Amendment when counsel failed to properly research the facts of Spruill's case and the pertinent legal issues before advising Spruill to plead guilty. Mot. Vacate 5; see Pet.'s Mem. Supp. Mot. Vacate 9–11. Third, Spruill contends that he received ineffective assistance of counsel in violation of the Sixth Amendment when counsel failed to advise him of his right to appeal his conviction or sentence. Mot. Vacate 7; see Pet.'s Mem. Supp. Mot. Vacate 11–14. Finally, Spruill argues that he is innocent of violating section 1028A. Mot. Vacate 8; see Pet.'s Mem. Supp. Mot. Vacate 14–16.

Both Spruill and the government submitted materials outside the scope of the pleadings. Accordingly, the court treats the government's motion as one for summary judgment. See Fed. R. Civ. P. 12(d). Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 325. After the moving party has met this burden, the nonmoving party "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A genuine dispute about a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. The court views the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

2

Spruill asserts claims of ineffective assistance of counsel. "The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 130 S. Ct. 13, 16 (2009) (per curiam) (quotations omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001). An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687–96; see also Hill v. Lockhart, 474 U.S. 52, 57–58 (1985); Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc).

Spruill also asserts a claim of actual innocence. "To establish actual innocence, [a defendant] must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998) (quotations omitted). When a defendant did not argue actual innocence on direct appeal, he may not do so in support of a section 2255 motion unless he can show by clear and convincing evidence that he is factually innocent of the offense for which he was convicted. See United States v. Pettiford, 612 F.3d 270, 282 (4th Cir. 2010). "[T]his standard is not satisfied by a showing that a [defendant] is legally, but not factually, innocent." Id. (quotation omitted); see Bousley, 523 U.S. at 624 ("'[A]ctual innocence' means factual innocence, not mere legal insufficiency.").

The government contends that Spruill waived his right to raise these arguments in support of a section 2255 motion. "[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster,

3

403 F.3d 216, 220 (4th Cir. 2005). The court may rely on a defendant's sworn statements made during the Rule 11 colloquy to conclude that the defendant made a collateral attack waiver knowingly and voluntarily. Id. at 221–22; see Blackledge v. Allison, 431 U.S. 63, 73–74 (1977). "Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any [section] 2255 motion that necessarily relies on allegations that contradict the sworn statements." Lemaster, 403 F.3d at 221–22.

In his plea agreement, Spruill agreed "to waive knowingly and expressly . . . any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under . . . [section] 2255, excepting . . . [a] motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [Spruill] at the time of [Spruill's] guilty plea." Plea Agreement [D.E. 15] 1–2. When he pleaded guilty, Spruill affirmed under oath that he knowingly and voluntarily agreed to the terms of the plea agreement, including the above-quoted waiver. Spruill's waiver of his right to contest his conviction or sentence by filing a section 2255 motion is, therefore, valid and enforceable. See Lemaster 403 F.3d at 220–22. Thus, the court must determine whether Spruill bases his section 2255 motion on claims of ineffective assistance of counsel or prosecutorial misconduct not known to him on June 8, 2009, the date on which Spruill pleaded guilty.

As for Spruill's first two arguments, that counsel performed ineffectively in preparing for and advising Spruill about Spruill's arraignment, the plea agreement bars these arguments. The evidence, viewed in the light most favorable to Spruill, demonstrates that Spruill was aware of the factual and legal grounds for these claims when Spruill pleaded guilty. In opposition to this conclusion, Spruill contends that counsel failed to advise him that, pursuant to the Supreme Court's decision in Flores-Figueroa v. United States, 556 U.S. 646 (2009), it was possible that he would be found not guilty of violating section 1028A if he pleaded not guilty and proceeded to trial. See Mot.

4

Vacate 5–7; see also Pet.'s Mem. Supp. Mot. Vacate 6–11; Pet.'s Mem. Opp'n Mot. Dismiss [D.E. 47] 2–4. In Flores-Figueroa, the Supreme Court held that, for a defendant to be guilty of aggravated identity theft in violation of section 1028A, the government must prove beyond a reasonable doubt that "the defendant knew that the 'means of identification' he or she unlawfully transferred, possessed, or used, in fact, belonged to 'another person.'" 556 U.S. at 648; see 18 U.S.C. § 1028A(a)(1). However, counsel affirms that, before June 8, 2009, counsel "researched the law and the facts of [Spruill's] case, including current case law such as Flores-Figueroa v. United States." Gov't Mem. Supp. Mot. Dismiss, Ex. 1 ("Roberts Aff.") ¶ 3. Counsel further affirms that he repeatedly discussed with Spruill "the evidence and the consequences of [Spruill's] guilty plea." Id.

Spruill's submitted materials support counsel's statements. Spruill states that, while he was detained pending trial, other detainees informed Spruill of the Supreme Court's decision in Flores-Figueroa. See Spruill Aff. [D.E. 48] ¶ 10. According to Spruill, on more than one occasion, he discussed the other detainees' statements with counsel. Id. ¶ 12. Spruill states that counsel instructed him that "inmates do not know what they are talking about . . ." and that Spruill should accept counsel's advice and plead guilty. Id. Thus, counsel was aware of the legal matters at issue in Spruill's case and discussed them with Spruill. Moreover, to the extent that Spruill believes that counsel erroneously advised him whether to plead guilty to violating section 1028A, Spruill had all of the information supporting his claims when he pleaded guilty.[1] Accordingly, pursuant to the plea agreement, Spruill may not raise these claims of ineffective assistance of counsel now. See Plea Agreement 1–2; see also Lemaster, 403 F.3d at 220–22. An evidentiary hearing as to these claims is unnecessary because the submitted materials "conclusively show that [Spruill] is entitled to no

---

[1] Spruill states that he did not become certain of the content of the Supreme Court's opinion in Flores-Figueroa until after he pleaded guilty and the court imposed sentence. See Spruill Aff. ¶ 18. Accepting this statement as true does not cause the court to change its analysis. Spruill admits that he had significant and specific reservations about counsel's legal advice when he pleaded guilty. See id. ¶¶ 12–16. Spruill's reservations about counsel's performance establish that Spruill knew of these ineffective assistance of counsel claims when he pleaded guilty.

5

relief . . . ." 28 U.S.C. § 2255(b).

Alternatively, the evidence, viewed in the light most favorable to Spruill, demonstrates that counsel did not perform ineffectively during the period before Spruill's guilty plea. Spruill offers no evidence to rebut counsel's assertion that he read Flores-Figueroa and advised Spruill as to the legal effect of the decision before Spruill pleaded guilty. See Roberts Aff. ¶ 3. Thus, Spruill's first and second arguments in support of his section 2255 motion fail.

As for Spruill's third argument, that counsel failed to advise of him of his right to appeal, this is a claim of ineffective assistance of counsel not known to Spruill at the time that Spruill pleaded guilty, and therefore is not barred by the plea agreement. Nevertheless, this argument fails. An attorney's failure to advise his client of a right to appeal a conviction or sentence can support a claim for ineffective assistance of counsel. See United States v. Poindexter, 492 F.3d 263, 268 (4th Cir. 2007). "An attorney must consult with a defendant [about his right to file a notice of appeal] when there is reason to believe that either (1) a rational defendant would want to appeal or (2) the defendant reasonably demonstrated to his attorney that he was interested in appealing." Id.; see Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). Thus, to satisfy Strickland's performance prong in a claim of ineffective assistance of counsel based on an alleged failure to advise of appellate rights, a defendant must prove one of these two facts. See Flores-Ortega, 528 U.S. at 480. In determining whether "a rational defendant would want to appeal[,]" the court considers "several factors . . . including whether . . . the defendant received the sentence bargained for as part of [a] plea [agreement] and whether the plea [agreement] expressly reserved or waived appeal rights." Poindexter, 492 F.3d at 268 (quotation omitted); see Flores-Ortega, 528 U.S. at 480. Accordingly, when the defendant does not express to his attorney a desire to appeal, enters into a plea agreement containing an appellate waiver, and receives the sentence bargained for, the Sixth Amendment generally does not require the attorney to advise the defendant of his appellate rights. See United States v. Cooper, 617 F.3d 307, 313–15 (4th Cir. 2010). When counsel is required to "consult" with

a defendant about the defendant's appellate rights, counsel must "advise the defendant about the advantages and disadvantages of taking an appeal, and make a reasonable effort to discover the defendant's wishes." Flores-Ortega, 528 U.S. at 478.

Spruill does not contend that he advised counsel to file a notice of appeal. See Spruill Aff. ¶¶ 16–17. Moreover, Spruill concedes that counsel discussed with him the appellate waiver contained in the plea agreement and the appellate rights that survived the waiver. See Pet.'s Mem. Supp. Mot. Vacate 13. Nevertheless, Spruill faults counsel for failing to specifically advise Spruill of Spruill's right to assert a claim of actual innocence on appeal. See id. In response, counsel states that twice he discussed the plea agreement with Spruill, advised Spruill of the nature of the appellate waiver, and allowed Spruill chances to question him about the plea agreement. See Roberts Aff. ¶ 8. Counsel confirms that Spruill did not instruct counsel to file a notice of appeal. Id. Accordingly, the record establishes that Spruill did not instruct counsel to file a notice of appeal, that counsel reasonably advised Spruill of his appellate rights, and that counsel sought to discover Spruill's wishes regarding whether Spruill wanted counsel to file a notice of appeal. See Flores-Ortega, 528 U.S. at 478. Thus, an evidentiary hearing as to this claim of ineffective assistance of counsel is unnecessary. See 28 U.S.C. § 2255(b). Even if counsel did not so advise Spruill, such failure would not constitute a violation of the Sixth Amendment. In light of the appellate waiver and the government's compliance with the plea agreement, a reasonable defendant in Spruill's position would not have wished to appeal his conviction or sentence. Accordingly, counsel was not constitutionally obligated to discuss with Spruill the possibility of filing a notice of appeal. See Flores-Ortega, 528 U.S. at 480; Cooper, 617 F.3d at 313–15; Poindexter, 492 F.3d at 268. Thus, Spruill's third argument fails.

As for Spruill's fourth argument, that he is actually innocent of violating section 1028A, the plea agreement forecloses this argument. See Plea Agreement 1–2; United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993); see also Tollett v. Henderson, 411 U.S. 258, 267 (1973); United

7

States v. Dungee, 228 F. App'x 298, 303 (4th Cir. 2007) (per curiam) (unpublished); United States v. Pickens, 201 F. App'x 143, 145 (4th Cir. 2006) (per curiam) (unpublished). Alternatively, because Spruill did not seek to assert his claim of actual innocence on direct appeal, he is procedurally barred from doing so now. See Bousley, 523 U.S. at 621; United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999); see also United States v. Aparicio, No. 5:08-cr-00005-7, Civil Action No. 5:10-cv-80221, 2010 WL 4156472, at *6–7 (W.D. Va. Oct. 21, 2010) (unpublished). Moreover, Spruill has not shown by clear and convincing evidence "that a miscarriage of justice [will] result from the refusal of the court to entertain the collateral attack . . . ." Mikalajunas, 186 F.3d at 493. Thus, Spruill's fourth argument fails.

After reviewing the claims presented in the section 2255 motion in light of the applicable standard, reasonable jurists would not find the court's treatment of any of Spruill's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied. See 28 U.S.C. § 2253(c).

II.

In sum, the court GRANTS the government's motion for summary judgment [D.E. 41], DENIES Spruill's motion to vacate, set aside, or correct his sentence [D.E. 21], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This _3_ day of October 2012.

JAMES C. DEVER III
Chief United States District Judge